



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Dr. Geo. W. Cox
State Health Officer
Austin, Texas

Dear Sir:
                    Opinion No. O-2159
                    Re: Issuance of birth certificates
                        free of cost.

    This will acknowledge receipt of your recent request wherein you ask for an opinion of this department on the following questions:

    "First, does the term used in that statute 'necessary for admission to school' include those cases where, after admission to school at a previous term, the authorities wish to complete their records as to ages?

    "Second, are free certificates to be issued for re-entrance of children admitted to school at a previous date or term?

    "Third, should free certificates be issued to individuals for the purpose of securing employment when such individuals have been previously employed, and are engaged in the same occupation?

    "Fourth, where employers have previously employed children of questionable age, should free certificates be issued to the parents when demanded by the employer or other outside agencies?"

    Rule 54a, Article 4477, Vernon's Annotated Civil Statutes, reads as follows:

    "That the State Registrar shall, upon request supply to any properly qualified applicant a

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Dr. Geo. W. Cox, page 2

certified copy of the record of any birth or
death registered under provisions of this Act,
for the making and certification of which he
shall be entitled to a fee of fifty cents (50¢)
to be paid by the applicant. And any such copy
of the record of a birth or death, when proper-
ly certified by the State Registrar, shall be
prime facie evidence in all courts and places
of the facts therein stated. For any search of
the files and records when no certified copy is
made, the State Registrar shall be entitled to
a fee of fifty cents (50¢) for each hour or
fractional part of an hour of time of search,
said fee to be paid by the applicant. And the
State Registrar shall keep a true and correct
account of all fees by him received under these
provisions, and turn the same over to the State
Treasurer at the close of each month, and all
such fees shall be kept by the State Treasurer
in a special and separate fund, to be known as
the 'Vital Statistics Fund,' and the amounts so
deposited in this Fund may be used for defraying
expenses incurred in the enforcement and opera-
tion of this Act; and provided further, that
the State Registrar shall, upon request of any
parent or guardian, supply, without fee, a cer-
tificate limited to a statement as to the date
of birth of any child when the same shall be
necessary for admission to school, or for the
purpose of securing employment; and provided
further that the United States Census Bureau
may obtain, without expense to the State, trans-
cripts or certified copies of births and deaths
without payment of the fees herein prescribed;
and provided further, that the State Registrar
is hereby authorized to enter into an agreement
with the United States Bureau of the Census to
act as special agent for that Bureau in accept-
ing the use of the franking privilege and blanks
furnished by that Bureau and is authorized to
act as disbursing agent in order to have transcrib-
ed for that Bureau copies of the birth and death
certificates filed with the State Bureau of
Vital Statistics; and provided that the State
Registrar shall issue free of cost to any veter-
an, his widow, orphan, or other descendants a
photostatic copy of any record not otherwise

Dr. Geo. W. Cox, page 3

prohibited by law when such record is to be used in the settlement of a claim against the Government; and provided that the State Registrar may issue, upon court order, without fee, a certified copy of the birth certificate in cases relating to child labor, and the public schools."

In answering the above quoted questions the construction of Rule 54a, Article 4477, Vernon's Annotated Civil Statutes, is involved.

In answer to your first question, we are of the opinion that the term used in the statute "necessary for admission to school" includes all those cases where said certificate is necessary for admission to school regardless whether or not it is the first or primary entrance to a school or any other entrance where such certificate is required for admission. The above mentioned statute does not limit the State Registrar to issuing said certificate only on the first or primary entrance to school, but provides that the State Registrar shall issue said certificate without fee upon the request of any parent or guardian when the same shall be necessary for admission to school, or for the purpose of securing employment. However, where the school authorities wish to complete their records as to ages of school children, the State Registrar is not required to issue said certificate without fee except in those cases where such certificate is necessary for admission to a school.

With reference to your second question you are respectfully advised that it is the duty of the State registrar to issue said certificates, without fee, upon request of the parents or guardian of the children, when the certificates are necessary for admission or re-entrance to a school, even if the children have been admitted to a school at a previous date or term.

In reply to your third question, you are advised that it is the duty of the State Registrar to issue said certificates, without fee, when the certificates are necessary for the purpose of securing employment for children, although such children have been previously employed or engaged in the same occupation, when said certificates are requested by the parents or guardian of said children.

Dr. Geo. W. Cox, page 4

In regard to your fourth question you are respectfully advised that it is the duty of the State Registrar to issue said certificates without fee for children previously employed of a questionable age upon the demand of the parent or guardian of said children when said certificates are necessary for the purpose of securing employment. However, it is not the duty of the State Registrar to furnish said certificates, without fees, when demanded by the employer or other outside agencies.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:ob

APPROVED MAY 3, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN